Eeeemaw, I.,
delivered the opinion of the court:
This is a simple suit to recover a debt due on a promissory note; judgment by default was taken, and appeal to this court; the only objection taken is, that the declaration was filed before the third day of the term. There is nothing in this objection. It. was in the office before, and on that day, and defendant could have filed his plea to it as well then as if filed or placed there on the third, or, if improperly there, might have moved to take it off the files. We suppose the party might have been misled by the publication of an opinion in the Commercial and legal Reporter [Rutledge v. Chamberlain], holding, perhaps, as now claimed. It is proper to say that that opinion was not the opinion of the court in the Rutledge case; it was prepared by the judge whose name was to it, as his views, at first, of the case, but was not adopted by the court. The same judge delivered a verbal opinion reversing the case on a different ground. The opinion mentioned, by some accident unknown, got into the paper and was published. This may have misled the counsel, but this couif cannot bo responsible for his mistake. In fact, he is not in condition to complain, as he could only have been misled so far as to fail to plead and make his defense with the hope of appealing to this court, and thus getting the advantage of his adversary by delay in this way. It can scarcely be supposed that he would have a judgment to go against his client with a real defense in his favor to the action. If he is caught and fails in obtaining the “law’s delay,” he must abide, the consequences.
Affirm the judgment.